[Cite as *State v. Wallace*, 2014-Ohio-375.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 26829 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSHUA A. WALLACE | | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. 12 CRB 0883 |

DECISION AND JOURNAL ENTRY

Dated: February 5, 2014

CARR, Judge.

{¶1} Appellant, the State of Ohio, appeals the judgment of the Barberton Municipal Court. This Court affirms.

I.

{¶2} In April of 2012, Joshua Wallace received a citation in Portage Lakes State Park for possession of marijuana in less than a bulk amount. After pleading not guilty to the charge, Wallace filed a motion to suppress. After a hearing on the matter, the trial court issued a journal entry granting the motion to suppress.

{¶3} The State timely filed a notice of appeal. On appeal, the State raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT IMPROPERLY GRANTED JOSHUA WALLACE'S MOTION TO SUPPRESS EVIDENCE BECAUSE THE INITIAL STOP,

SEARCH, AND SUBSEQUENT QUESTIONING WAS NOT A VIOLATION OF RIGHTS GUARANTEED BY THE FOURTH AND FIFTH AMENDMENTS.

**{¶4}** In its assignment of error, the State asks this Court to reverse the trial court's order granting the motion to suppress.

**{¶5}** A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Generally, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. The reviewing court must then "independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

**{¶6}** The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution prohibit law enforcement from conducting unreasonable and warrantless searches and seizures. Trial courts must exclude evidence obtained by means of searches and seizures that are found to violate the Fourth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 657 (1961). "[A] search conducted without a warrant issued upon probable cause is 'per se unreasonable * * * subject only to a few specifically established and well-delineated exceptions.'" *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).

**{¶7}** Two witnesses testified at the August 14, 2012 suppression hearing. Officer Lyndell Elias, who serves as a patrolman at Portage Lakes State Park in Green, Ohio, testified on behalf of the State. Wallace also testified on his own behalf. In its judgment entry, the trial court found that on April 14, 2012, Officer Elias was on duty when he observed two males

standing near the bed of a pick-up truck in the Nimisila Reservoir portion of the park. Wallace had a 24-ounce can of beer in his hand, which seemingly constituted both a violation of State Park rules and a minor misdemeanor open container violation. As Officer Elias approached the vehicle, he observed Wallace place his beer in the bed of the truck and stuff something into the hoodie pocket of his sweatshirt. Officer Elias further observed a pair of scissors sticking out of Wallace's hoodie pocket. When Officer Elias reached to remove the scissors, Wallace pushed the officer's arm away and turned his back. As soon as Officer Elias began to call for back-up, Wallace agreed to hand over the scissors.

{¶8} After Officer Elias obtained the scissors, he asked Wallace what else he was hiding in his hoodie pocket. Officer Elias did not ask Wallace if he had any other weapons, and he did not frisk Wallace. Wallace proceeded to empty the contents of his pants pockets. Upon observing this, Officer Elias stated that he was not referring to Wallace's pants pockets, and that he wanted to see what was in Wallace's hoodie pocket. When Officer Elias again indicated he would call for assistance, Wallace agreed to show the officer what he had in his hoodie pocket. Wallace initially produced a jar with some loose marijuana buds, and then he subsequently produced a second jar containing marijuana. On February 28, 2013, the trial court issued a journal entry granting Wallace's motion to suppress the marijuana.

{¶9} On appeal, the State argues that the trial court erred in granting Wallace's motion to suppress. However, the State has not argued, let alone demonstrated, why the warrantless search in this case was justified. More specifically, the State has not explained how the warrantless search in this case falls under one of the well-delineated exceptions to the warrant requirement. *Bustamonte*, *supra*. As this Court has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v.*

*Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Absent a legal justification for the warrantless search, we have no choice but to overrule the State's assignment of error.

{¶10} The State's assignment of error is overruled.

III.

{¶11} The State's assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MICHELLE L. BANBURY, Attorney at Law, for Appellant.

JONATHAN D. TUCKER, Attorney at Law, for Appellee.